UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELVIN ANTOLIN BONILLA VIDES,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondent. | Case No. 1:26-cv-05956 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Selvin Antolin Bonilla Vides filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 1 at 16. For the reasons that follow, the Court GRANTS the petition and orders Petitioner's immediate release.

Based on review of the parties' submissions, the Court finds the following facts. Petitioner is native of Guatemala who entered the United States in 2007 when he was seventeen years old. *See* Dkt. No. 1 ¶ 30. He married in 2011 and has a son who is a United States citizen. *Id*. ¶ 31. Though he filed an application with USCIS in 2015 to adjust his immigration status, he did not follow through with the process. *Id*. It appears that, aside from the filing of this application, Petitioner did not interact with immigration authority until his recent arrest and detention.

On January 13, 2026, Petitioner was detained by ICE on a worksite where he was working as a laborer. *Id*. ¶ 32. There is no indication that a warrant for Petitioner's arrest was ever issued or that an authorized immigration officer made an initial custody determination. Indeed, there is no indication in the record that ICE has ever evaluated whether Petitioner's

continued detention is justified on a finding of dangerousness or flight risk. Instead, he has remained detained since his arrest nearly eight months ago and has not been provided a bond hearing as Respondents maintain that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). *See* Dkt. No. 8 at 1.

As the Court has in the past, it rejects Respondents' argument that Petitioner may be detained under § 1225(b)(2)(A) and avoid providing Petitioner with the statutory process he is entitled to under 8 U.S.C. § 1226(a). The Ninth Circuit in *Rodriguez Vazquez v. Bostock* held that § 1225(b)(2)(A) does not apply to noncitizens, like Petitioner, who are present in the United States without admission and were arrested in the interior of the country. 183 F.4th 1160, 1165 (9th Cir. 2026) ("we conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Accordingly, the Court finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

As Respondents only argue that Petitioner was detained pursuant to § 1225(b)(2)(A), and have not argued that Petitioner was provided the process to which he was statutorily entitled to under § 1226(a), or that Petitioner may be a danger to the community or flight risk if released, the appropriate remedy is immediate release. *See, e.g., Zurita Navarro v. Warden, Cent. Valley Annex Det. Facilit*y, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence petitioner was arrested pursuant to a warrant or custody determination made by an authorized immigration official); *Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025) ("By not making a prior or contemporaneous determination of custody, ICE failed to provide pre-deprivation process required in this setting …. ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here."); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (granting immediate release where Government denied that petitioner was detained under § 1226); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb.

19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public).

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to immediately release Petitioner from custody. If Respondents seeks to re-detain Petitioner, it must provide all the process to which he is statutorily entitled to under 8 U.S.C. § 1226(a). This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 10, 2026

VINCE CHHABRIA
United States District Judge